FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 29 2010

JAMES N. HATTEN, CLERK
By: _____
Deputy Clerk

**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Alyssa and Neil Phillips, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. |
| Laboratory Corporation of America, | **1:10 CV-1288 JEC** |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Laboratory Corporation of

America ("LabCorp") hereby files this Notice of Removal of the above-captioned

case. LabCorp respectfully asserts the following facts to support removal, and in

so doing, expressly reserves all other issues for further pleadings:

1.     LabCorp is the sole named defendant in *Alyssa and Neil Phillips v.*

*Laboratory Corporation of America*, Case No. 10 C-04938-1, filed in the State

Court of Gwinnett County, Georgia (the "State Court Action").

2.     Plaintiffs filed their Complaint in the State Court Action on March 29,

2010, and Defendant was served on or after March 30, 2010.

3.    This Notice is being filed with this Court within thirty (30) days after Defendant was served with a copy of Plaintiffs' initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.

4.    A copy of all process, pleadings and orders served upon Defendant in the State Court Action is attached hereto as Exhibit A, and a copy of the Notice of Filing Notice of Removal which will be filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit B.

5.    This action is removable to this Court pursuant to 28 U.S.C. § 1441 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332.  There is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.

6.    Plaintiffs are citizens of the State of Georgia.  (Compl. ¶ 1.)

7.    Defendant is a Delaware corporation, with its principal place of business in North Carolina.  (Schmahl Aff. ¶ 2, attached as Exhibit C.)

8.    Based on the factual allegations of the Complaint, which are construed as true for purposes of assessing removal jurisdiction, the amount in

controversy in this case exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

9.    Plaintiffs allege that Defendant is vicariously liable for negligently interpreting a 2007 Pap smear.  (Compl. ¶ 27.)  According to the allegations in the Complaint, Plaintiff Alyssa Phillips was diagnosed with cervical cancer and liver masses.  (*Id.* ¶¶ 19, 22.)  Thereafter, Mrs. Phillips had a "robotic radical hysterectomy, BSO and pelvic lymph node dissection bilaterally," underwent several rounds of chemotherapy, and received an autologous stem cell transplant. (*Id.* ¶¶ 23-25.)

10.    Plaintiff Alyssa Phillips seeks compensation for "severe, permanent and disabling personal injuries, including special damages" and "physical, mental and emotional pain and suffering."  (*Id.* ¶ 28.)  Further, Plaintiff Neil Phillips alleges that he has "suffered a loss of his wife's society, companionship, comfort and consortium."  (*Id.* ¶ 29.)

11.    On their face, these allegations establish that the amount in controversy in this case exceeds the jurisdictional minimum. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (amount in controversy exceeding $75,000 jurisdictional minimum was "facially apparent" based on

"alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Butzberger v. Novartis Pharm. Corp.*, Case No. 06-80700-CIV-Ryskamp/Vitunac, 2006 U.S. Dist. LEXIS 85576, *12-*14 (S.D. Fla. Nov. 27, 2006) (denying motion to remand cast to state court where the plaintiff suffered from liver cancer allegedly caused by use of medication).

12.   Pursuant to 28 U.S.C. § 1441(a), Defendant is removing this action to the Atlanta Division of the Northern District of Georgia because the State Court of Gwinnett County, Georgia is located in this federal judicial district and division.

13.   As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant shall provide notice of the removal to Plaintiffs through their attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action.

Dated:  April 29, 2010          Respectfully submitted,

Robin A. Schmahl
  (Ga. Bar No. 629440)
Olivia E. Marbutt
  (Ga. Bar No. 141255)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA  30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
E-mails:    raschmahl@jonesday.com
           oemarbutt@jonesday.com

***Attorneys for Defendant***
***Laboratory Corporation of America***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of

the foregoing NOTICE OF REMOVAL on counsel for Plaintiffs by causing a copy

of same to be delivered via U.S. Mail, first-class postage prepaid and addressed as

follows:

> Philip C. Henry, Esq.
> Wendy G. Huray, Esq.
> HENRY SPIEGEL MILLING LLP
> 950 East Paces Ferry Road
> Suite 2450
> Atlanta, Georgia 30326

This 29th day of April, 2010.

_Olivia E. Marbutt_
Olivia E. Marbutt
(Ga. Bar No. 141255)

*An Attorney for Defendant*
*Laboratory Corporation of America*

JONES DAY
1420 Peachtree St., Suite 800
Atlanta, GA  30309
Telephone:  (404) 521-3939
Facsimile:   (404) 581-8330